UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/2025
```

KEVIN RAZZOLI,

               Plaintiff,

      -v-

A.S.R. XPRESS INC., *et al.*,

               Defendants.

**ORDER**

25-CV-6307 (LJL) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On July 28, 2025, Plaintiff filed a Complaint against A.S.R. Xpress Inc., TQL Logistics, and 10 Hunts Point Public Safety Officials. ECF No. 1. Subsequently, Plaintiff effectuated service on Hunts Point Market Public Safety, Cmdr. Poole, Joy Harris, Nick Rodelli, Hunts Point Public Safety, and Capt. Clarke (hereafter, the "Hunts Point Defendants"). ECF No. 46. The Court construes these Hunts Point Defendants to be those defendants identified in the Complaint as "10 Hunts Point Public Safety Officials." On November 12, 2025, Plaintiff obtained a waiver of service from ASR Express, LLC, which was incorrectly identified as A.S.R. Xpress Inc. in the Complaint. ECF No. 58. To date, it does not appear that Plaintiff has effectuated service on TQL Logistics.

Plaintiff has now submitted a November 12, 2025 "Letter of Clarification," ECF No. 59, and November 15, 2025 "Motion & Amended Brief." ECF No. 66. The Court construes these filings as requests for a determination of what should occur next to move the case forward, which the Court describes below.

1

## I. AMENDING THE COMPLAINT

Plaintiff must file an amended complaint (1) naming each of the Hunts Point Defendants identified in ECF No. 46 (that is, Hunts Point Market Public Safety, Cmdr. Poole, Joy Harris, Nick Rodelli, Hunts Point Public Safety, and Capt. Clarke) instead of "10 Hunts Point Public Safety Officials"; (2) naming "ASR Express, LLC" instead of "A.S.R. Xpress Inc."; and (3) including any other defendant Plaintiff can identify by name, such as TQL Logistics.  Plaintiff must file the amended complaint by **December 10, 2025**.  Plaintiff must request that the clerk issue summonses for each of these named defendants by **December 17, 2025.**

## II. SERVING THE AMENDED COMPLAINT

ASR Express, LLC has waived service and can be served simply by filing the amended complaint on ECF.  ASR Express, LLC should respond to the amended complaint by its existing deadline for responding to the original complaint.  In the interest of saving time and resources, the Court requests that counsel for the Hunts Point Defendants agree to accept service for her clients.  Counsel for the Hunts Point Defendants must file a letter on the docket by **November 26, 2025** advising whether she accepts service.  If counsel for the Hunts Point Defendants does not agree to accept service, Plaintiff must serve the Hunts Point Defendants with the amended complaint and with the summonses addressed to them.  Plaintiff shall file a letter with the Court with an update on the status of service of TQL Logistics, the

2

Hunts Point Defendants (unless counsel agrees to accept service), and any other defendant not already addressed in this paragraph by **December 23, 2025**.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 66 as **GRANTED IN PART** and **DENIED IN PART** and to mail a copy of this Order to the *pro se* litigant.

**SO ORDERED.**

Dated: November 19, 2025
      New York, New York

Henry J. Ricardo
United States Magistrate Judge