UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN RAZZOLI,

                          Plaintiff,

                -v-

T.Q.L. LOGISTICS, *et al.*,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/15/2025

**REPORT AND
RECOMMENDATION**

25-CV-6307 (LJL) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

On August 16, 2025, plaintiff Kevin Razzoli ("Plaintiff") filed a motion under Rule 64 of the Federal Rules of Civil Procedure ("Rule 64") seeking "Seizure of Property to Insure Payment," ECF No. 8 (the "Motion"), and a supporting brief, ECF No. 9 (the "Brief"). For the reasons described below, the undersigned respectfully **RECOMMENDS** that Plaintiff's motion be **DENIED**.

## DISCUSSION

Pursuant to Rule 64, a federal court can seize property "under the law of the state where the court is located." Thus, New York law applies, including sections 6201 and 6212 of the New York Civil Practice Law and Rules ("CPLR"), which provide for an order of attachment. *Buy This, Inc. v. MCI Worldcom Commc'ns, Inc.*, 178 F. Supp. 2d 380, 382 (S.D.N.Y. 2001).

Plaintiff claims that a seizure of property is warranted because defendant "ASR Xpress" ("ASR") is attempting to dissipate assets to avoid payment to Plaintiff. Motion at 2. In support, Plaintiff submits a document indicating that

1

ASR faces "a pending insurance cancellation." *See* ECF No. 9-1.

Since filing this Motion, Plaintiff settled his claims against "ASR Express, LLC," which he stipulated was incorrectly identified as "ASR Xpress Inc." in the complaint. ECF No. 89. Thus, the "ASR" that was the subject of this Motion is no longer a defendant because Plaintiff has reached a settlement with it. *See* ECF No. 77. Accordingly, the Motion is now moot and should be denied for that reason.

Alternatively, the Motion should be denied due to Plaintiff's failure to meet his burden to satisfy the requirements of CPLR § 6212(a). *See Buy This,* 178 F. Supp. 2d at 382 (citing *Asdourian v. Konstantin,* 50 F. Supp. 2d 152, 158 (E.D.N.Y. 1999)). CPLR § 6212(a) requires a plaintiff to show:

> [B]y affidavit and such other written evidence as may be submitted, that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff.

Moreover, "the New York attachment statutes are construed strictly against those who seek to invoke the remedy." *Buy This*, 178 F. Supp. 2d at 383 (citations omitted).

Because Plaintiff has settled with ASR, there is no longer a cause of action against it. Further, even if there were such a cause of action, Plaintiff has not demonstrated a likelihood of success on the merits, addressed the grounds for attachment under CPLR § 6201, or shown that the amount demanded of defendants exceeds any known counterclaims.

2

## CONCLUSION

Accordingly, the undersigned respectfully **RECOMMENDS** that Plaintiff's motion be **DENIED**. The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to Plaintiff.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lewis J. Liman, United States Courthouse, 500 Pearl St., New York, New York 10007-1312. Any requests for an extension of time for filing objections must be directed to Judge Liman.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 15, 2025
     New York, New York

_____
Henry J. Ricardo
United States Magistrate Judge

3