UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
KEVIN RAZZOLI,                                          :
                                                        :
                           Plaintiff,                   :
                                                        :              25-cv-6307 (LJL)
              -v-                                        :
                                                        :          MEMORANDUM AND
ASR XPRESS, ET AL.,                                     :                ORDER
                                                        :
                           Defendants.                  :
                                                        :
------------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/24/2026
```

LEWIS J. LIMAN, United States District Judge:

On August 16, 2025, plaintiff Kevin Razzoli ("Plaintiff"), who is self-represented, filed a motion, pursuant to Federal Rule of Civil Procedure 64, to seize the assets of Defendant ASR Express. Dkt. No. 8. Plaintiff settled his claim with ASR Express, Dkt, No. 77, and, on December 3, 2025, the parties signed a stipulation of dismissal dismissing ASR Express, LLC (which was incorrectly identified as ASR Express Inc. in the complaint) from this action, Dkt. No. 79. Thereafter, on December 15, 2025, Magistrate Judge Henry J. Ricardo, to whom this case has been referred for pretrial purposes, issued a report and recommendation (the "Report and Recommendation") that Plaintiff's motion be denied. Dkt. No. 95. Judge Ricardo reasoned that Plaintiff's motion was moot in light of his settlement with ASR and that, in the alternative, Plaintiff failed to satisfy the requirements of CPLR § 6212(a), which was applicable to his motion under Rule 64. Dkt. No. 95. Judge Ricardo advised the parties of their right to make objections to the Report and Recommendation within 14 days. *Id.* at 3. On December 19, 2025, Plaintiff filed objections to the Report and Recommendation. Dkt. No. 98.

When reviewing a report and recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When a party does not raise an objection, the "court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (citing Fed. R. Civ. P. 72 advisory committee's note (b)). However, when a timely and specific objection has been made, the court is obligated to review the contested issues *de novo. See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace,* 143 F.3d 653, 656 (2d Cir. 1998).  But when the objections simply reiterate previous arguments or make only conclusory statements, it is "well settled" that the court should review the Report and Recommendation for clear error. *Dickerson v. Conway,* 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *see Kirk v. Burge,* 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases).  "This is so even in the case of a *pro se* petitioner."  *See Perez v. Mason Tenders Dist. Council Tr. Funds*, 2017 WL 5125542, at *2 (S.D.N.Y. Nov. 1, 2017), aff'd, 742 F. App'x 584 (2d Cir. 2018).

The Court has reviewed Judge Ricardo's Report and Recommendation de novo and adopts it in whole.  The report is well-reasoned and legally sound.  Rule 64 makes available "[a]t the commencement of and throughout an action, every remedy [that] is available . . . under the law of the state where the court is located [and that] provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64.  "[S]ections 6201 and 6212 of the New York Civil Practice Law and Rules ('CPLR') govern the issuance of an order of attachment in New York, and, therefore, in this Court." *Buy This, Inc. v. MCI Worldcom Communications, Inc.*, 178 F. Supp.2d 380, 382 (S.D.N.Y. 2001).  "[T]he New York attachment statutes are construed strictly against those who seek to invoke the remedy." *Id.* at 383.  Even if

a party satisfies the requirements of the CPLR, "'it would still be possible to deny the harsh remedy of attachment, for attachment is a discretionary remedy.'" *Id.* (quoting *Thornock v. Kinderhill Corp.*, 712 F. Supp. 1123, 1132 (S.D.N.Y. 1989)); *see also Fratelli Italiani, LLC v. Mironova*, 2019 WL 3759160, at *7 (S.D.N.Y. Apr. 11, 2019).[1]

Judge Ricardo correctly determined that Plaintiff's motion is moot for he has settled with ASR Express and ASR Express has been dismissed from the case. Plaintiff also has not shown the required elements under CPLR § 6212(a): the existence of a cause of action, a likelihood of success on the merits, or the grounds for attachment under CPLR § 6201. "[A] party seeking an order of attachment must show a probability of success akin to that required to obtain injunctive relief.'" *Fratelli Italiani*, 2019 WL 3759160, at *7 (quoting *Intelligent Digital Sys., LLC v. Visual Mgmt. Sys., Inc.*, 683 F. Supp. 2d 278, 287 (E.D.N.Y. 2010)).

Plaintiff does not object to any of Judge Ricardo's findings in his objection to the Report and Recommendation. Rather, he expresses concern that he was not given a hearing and contends that the other defendants bear liability. Dkt. No. 98. However, the rules do not entitle Plaintiff to an oral hearing on his motion and the Court's denial of Plaintiff's motion does not compromise his ability to obtain relief from the other defendants.

The Report and Recommendation is adopted. Plaintiff's motion at Dkt. No. 8 is denied.

SO ORDERED.

Dated: February 24, 2026
New York, New York

                              LEWIS J. LIMAN
                              United States District Judge

---

[1] To obtain an order of attachment under CPLR § 6212, the plaintiff must "show, by affidavit and such other written evidence as may be submitted, that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in [CPLR] section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." CPLR § 6212(a).