UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/26/2026

KEVIN RAZZOLI,

      Plaintiff,

   -v-

T.Q.L. LOGISTICS, *et al.*,

      Defendants.

**ORDER**

25-CV-6307 (LJL) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

Plaintiff has made multiple filings requesting to supplement his pleadings. *See* ECF Nos. 185–89, 196–99, 204.  Plaintiff also filed a motion claiming that Defendants are in default because they did not respond to his request to supplement.  ECF No. 209.  For the reasons stated below, the requests to supplement and find Defendants in default are **DENIED**.

## I. BACKGROUND

Plaintiff initiated this action by filing a complaint on July 28, 2025.  ECF No. 1.  Plaintiff then filed an amended complaint on December 4, 2025.  ECF No. 80. On April 16, 2026, Plaintiff made multiple submissions asking to supplement the pleadings.  ECF Nos. 185–89.  Finding Plaintiff's request unclear, the undersigned entered an order on April 27, 2026 directing Plaintiff to answer certain specific questions about his request.  ECF No. 192.  Plaintiff then made several additional filings related to his request to supplement, which were filed on the docket from May 1 through May 12, 2026.  ECF Nos. 196–99, 204.  On May 19, 2026,

Defendants filed responses to Plaintiff's request to supplement.  ECF Nos. 207–08.

On May 21, 2026, Plaintiff's motion claiming that Defendants did not respond to his

request and are therefore in default was entered on the docket.  ECF No. 209.

## II.    LEGAL STANDARD

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure "the court

may, on just terms, permit a party to serve a supplemental pleading setting out any

transaction, occurrence, or event that happened after the date of the pleading to be

supplemented."  "Absent undue delay, bad faith, dilatory tactics, and undue

prejudice to the party to be served with the proposed pleading, or futility, the

motion should be freely granted."  *Chen-Oster v. Goldman, Sachs & Co.*, 251 F.

Supp. 3d 579, 593 (S.D.N.Y. 2017) (quoting *Quaratino v. Tiffany & Co.,* 71 F.3d 58,

66 (2d Cir. 1995)).  However, "events preceding the initial complaint cannot be

introduced in a supplemental complaint under Fed. R. Civ. P. 15(d)."  *Knoeffler v.*

*Town of Mamakating*, 87 F. Supp. 2d 322, 328 (S.D.N.Y. 2000).

## III.    DISCUSSION

As far as the undersigned can discern, Plaintiff relies on the following

grounds to supplement his pleadings: (1) the arrest of non-party Lorenc Bujari on

July 28, 2016, *see* ECF No. 198 at 2, 4; (2) an executive order dated April 28, 2025

related to the enforcement of 49 C.F.R. § 391.11(b)(2), *see* ECF No. 204-1 at 7–10;

and (3) the Sixth Circuit's decision in *Cox v. Total Quality Logistics, Inc.*, 142 F.4th

847 (6th Cir. 2025), *see* ECF No. 199 at 1.  None of these events constitutes a

"transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

First, the police report related to the arrest of non-party Lorenc Bujari is dated July 18, 2016, over nine years before Plaintiff filed his initial complaint. Second, the executive order Plaintiff appears to reference, entitled, "Enforcing Commonsense Rules of the Road for Truck Drivers," was signed on April 28, 2025, before Plaintiff filed his initial complaint. Further, this executive order directs the Secretary of Transportation to enforce 49 C.F.R. § 391.11, which was initially enacted in 1970. There is no indication that this executive order gives Plaintiff a private right of action. Finally, *Cox v. Total Quality Logistics, Inc.*, 142 F.4th 847 (6th Cir. 2025), was decided on July 8, 2025, before Plaintiff filed his initial complaint. Plaintiff cannot rely on these events—all of which occurred *before* Plaintiff filed his complaint—as a basis for supplemental pleadings.

Additionally, Plaintiff's claim that Defendants are in default because they have not responded to his requests to supplement his pleadings is without merit. As directed by the undersigned's May 5, 2026 order, ECF No. 203, Defendants *did* respond to Plaintiff's requests in their May 19, 2026 filings at ECF Nos. 207 and 208.

## IV.   CONCLUSION

Plaintiff has not "set[] out any transaction, occurrence, or event that happened after the date of the pleading." Fed. R. Civ. P. 15(d). Additionally, Defendants are not in default, as they responded to Plaintiff's requests to

3

supplement his pleadings.  Therefore, Plaintiff's motions are **DENIED**.  The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 186, 188, 189, and 209 as **DENIED** and to mail a copy of this order to the *pro se* litigant.

**SO ORDERED.**

Dated: May 26, 2026
        New York, New York

Henry J. Ricardo
United States Magistrate Judge