USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/10/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN RAZZOLI,

Plaintiff,

-v-

A.S.R. XPRESS INC., et al.,

Defendants.

25-cv-6307 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

The Court presumes familiarity with this matter. On May 28, 2026, the Court issued an Opinion and Order granting the motion of the Hunts Point Public Safety, Cmdr. Poole, Joy Harris, Nick Rodelli, and Capt. Clark (the "Hunts Point Defendants") and the motion of Total Quality Logistics, LLC ("TQL"), to dismiss the amended complaint of *pro se* plaintiff Kevin Razzoli ("Plaintiff"). Dkt. No. 212; *see Razzoli v. ASR Xpress*, 2026 WL 1492960 (S.D.N.Y. May 28, 2026). The Court dismissed Plaintiff's claims with prejudice. *Id.* at *8. On June 1, 2026, Plaintiff moved for reconsideration of the Court's opinion. Dkt. No. 214. He has since filed a motion seeking an extension of time to file a notice of appeal, Dkt. No. 216, and several additional briefs and letters in support of his claims, Dkt. Nos. 217–19.

## I. Motion for Reconsideration

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). "The standard for granting a motion for reconsideration

'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Construing *pro se* Plaintiff's filings generously, as the Court is required to do, he seeks reconsideration on the basis of the Supreme Court's decisions in *Dept. of Justice v. Landano*, 508 U.S. 165 (1993), Dkt. No. 214, and *Montgomery v. Caribe Transport II, LLC*, 146 S. Ct. 1199 (2026), Dkt. No. 218.[1] Neither decision warrants reconsideration of the Court's pervious Opinion. *Landano*, a case from 1993, addressed whether courts could "infer that FBI criminal investigative sources are confidential," *Landano*, 508 U.S. at 179, which has no bearing on the Court's prior opinion or the facts as alleged by Razzoli.[2] In *Montgomery*, the Court held that a negligent hiring claim against a transportation company was not preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), which preempts "certain state

[1] Plaintiff includes other arguments that appear to concern TQL's response to interrogatories. All claims against TQL have been dismissed and it has no pending discovery obligations.
[2] To the extent Razzoli now suggests that his claims involved a "cover up" for an FBI operation, Dkt. No. 217 at 4, those allegations were entirely absent from his pleadings and would regardless have no impact on the outcome of the motion to dismiss opinion.

regulations involving motor carriers." 146 S. Ct. at 1203. Razzoli's claims, and the Court's opinion, did not turn on either a negligent hiring claim or preemption. Having failed to identify any intervening change in law or facts, Plaintiff's motion for reconsideration is denied.

## II. Motion for Extension of Time to File Appeal

On June 8, 2026, Plaintiff also requested an extension of time in which to file an appeal with the Second Circuit. Dkt. No. 216. At the time of filing his request for an extension, Defendant was well within the 30-day window permitted to appeal final judgments, *see* Fed. R. App. P. 4(a)(1)(A), which started running on May 28 when the Court entered judgment. *Cano v. SEIU, Local 32BJ*, 2023 WL 6541773, at *1 (S.D.N.Y. Sept. 5, 2023) ("A plaintiff has 30 days from entry of judgment to appeal."). In that notice, he did not indicate a date by which he sought to submit his appeal of the Court's Opinion.

Plaintiff ultimately appealed the Court's Opinion on July 8, 2026, which falls outside the thirty-day window provided by the Federal Rules of Appellate Procedure as dated from the Court's Opinion and Order on the Motion to Dismiss. However, "if a party files a timely post-judgment motion for reconsideration, i.e., a Rule 59 motion filed no later than 28 days after entry of judgment or a Rule 60 motion also filed no later than 28 days after entry of judgment, the rule provides that 'the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion.'" *Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 787 (S.D.N.Y. 2021) (quoting Fed. R. App. P. 4(a)(4)(A)); *see Lora v. O'Heaney*, 602 F.3d 106, 110 (2d Cir. 2010) (a timely filed motion for reconsideration "toll[s] the time to file a notice of appeal regarding the underlying order until decision on the motion for reconsideration.").

Because the time to file an appeal runs until 30 days from the entry of this Order, and because Plaintiff has already filed his appeal with the Second Circuit, Dkt. No. 221, Plaintiff's request for an extension of time is denied as moot.

## III. Request to Proceed *In Forma Pauperis* on Appeal

Plaintiff did not proceed *in forma pauperis* in his proceedings before this Court. On July 8, 2026, Plaintiff also submitted an "Affidavit Accompanying Motion for Permission to Appeal *in Forma Pauperis*." Dkt. No. 220. Pursuant to 28 U.S.C. § 1915(a)(3), the Court must deny leave to appeal *in forma pauperis* where such appeal is not taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962); *see New York v. Rodriguez*, 2025 WL 847828, at *2 (E.D.N.Y. Feb. 23, 2025) ("Although [plaintiff] paid the court's filing fee," "leave to appeal *in forma pauperis*" requires certification that the appeal is taken "in good faith.").

As the Court previously explained in its Opinion granting the Motion to Dismiss, the "fundamental issues with Plaintiff's allegations indicate that relief is not available to him under the federal causes of action" that could not be cured with any amendment. Dkt. No. 212 at 15. The Court has additionally found that there is no basis for reconsideration of that Opinion. Accordingly, any appeal would not be taken in good faith. The request to proceed *in forma pauperis* on appeal is denied. *See Razzoli v. Richmond Univ. Med. Ctr.*, 2024 WL 1435895, at *2 (E.D.N.Y. Apr. 3, 2024) ("Because there is no basis for reconsideration, the Court finds that an appeal would not be taken in good faith.").

## CONCLUSION

Plaintiff's motion for reconsideration and motion for an extension of time to file an appeal are denied. The Clerk of Court is respectfully requested to close Dkt. Nos. 214 and 216.

SO ORDERED.

Dated: July 10, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge